# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**SAMUEL C.,**
**Petitioner Below, Petitioner**

**vs.) No. 22-ICA-94** (Fam. Ct. Morgan Cnty. No. FC-33-2020-D-18)

**AMANDA C.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Samuel C.[1] appeals the Family Court of Morgan County's August 18, 2022, Order Modifying Child Support, which lowered his child support obligation, but not as much as he contends it should have. The West Virginia Department of Health and Human Services, Bureau for Child Support Enforcement ("BCSE"), timely responded in support of the family court's ruling.[2] The child's mother, Amanda C., did not file a response brief.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 2, 2021, the family court ordered that Samuel C. pay Amanda C. $874 per month for the support of their child. On July 13, 2022, the BCSE filed a Petition for Downward Modification of Samuel C.'s child support obligation. The petition was based on a request that Samuel C. had sent the BCSE regarding a change in his income and employment status. The BCSE served the parents with the Petition for Downward Modification on July 16, 2022.

The family court held a hearing on August 10, 2022, to allow the BCSE and the parents to present relevant evidence on this matter. By order entered August 18, 2022, the family court lowered Samuel C.'s child support obligation to $674 per month based on a

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.,* W. Va. R. App. P. 40(e); *State v. Edward Charles L.,* 183 W. Va. 641, 645 n. 1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] Samuel C. and Amanda C. are self-represented. Mark L. French, Esq. represents the BCSE.

change in his income and employment status. It is from this modification order that Samuel C. now appeals.

Our standard of review is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-IA-2, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17098574, at *3 (W. Va. Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Samuel C. seeks the further reduction of his child support obligation. Although not entirely clear from Samuel C.'s brief, his arguments pertain to the cost of the child's daycare, whether the child could be enrolled in pre-kindergarten, and his change in employment. In support of his arguments, Samuel C. submitted documents to this Court that were not provided to, nor considered by, the family court. For example, he submitted a note from his employer describing the seasonal nature of his employment. However, this note was dated August 25, 2022, which was after the family court's hearing and order. Samuel C. also submitted medical records to this Court, but the records were not printed until August 30, 2022, twenty days after the family court's hearing.[3] The BCSE responds in support of the family court's August 18, 2022, order. The BCSE also argues that this Court lacks appellate jurisdiction to consider matters not established in the record before the family court.

Having reviewed this matter, we find no clear error or abuse of discretion in the family court's August 18, 2022, order. Our review is limited to the evidence developed in family court. *See, e.g.,* W. Va. Code § 51-11-4(c) (2022) ("parties shall be afforded a full and meaningful review on the record of the lower tribunal"); W. Va. R. App. P. 6(a) (2022) ("The record on appeal consists of the documents and exhibits filed in the proceedings in the lower tribunal, the official transcript or recording of proceedings, if any, and the docket entries of the lower tribunal."). As such, we do not consider the extraneous materials that Samuel C. has submitted.[4]

---

[3] In addition to being outside of the record, we observe that these medical records do not specifically address how Samuel C.'s medical conditions might impact his employment status and income.

[4] Although Rule 7(g) of the Rules of Appellate Procedure permits a party to file a motion to supplement the record, Samuel C. has not filed such a motion. Moreover, there

According to the family court's August 18, 2022, order, the family court found a significant change in circumstances warranting modification because the parties' incomes had changed since the entry of the earlier support order. The family court then took into account Samuel C.'s gross income, Amanda C.'s gross income, the amount of childcare expenses, and the amount of pre-existing support obligations that both parents pay. Utilizing the child support formula, the family court arrived at the new, lowered, monthly support obligation of $674. Samuel C.'s arguments on appeal do not establish that the family court committed clear error or an abuse of discretion.

Accordingly, we affirm.

Affirmed.

**ISSUED:** February 2, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

are no grounds apparent in this matter to suggest that we would have granted a motion to supplement the record. Samuel C. indicates that the documents he has submitted to our Court are documents the family court judge wanted, but the time to provide evidence was during the family court's hearing—not on appeal.